IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>v.<br><br>**ERIC ULYSES BARAJAS**,<br><br>　　　　　　Defendant. | Case No. 3:20-cr-00225-IM-1<br><br>**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL** |

**IMMERGUT, District Judge.**

　　Before this Court is Defendant Eric Ulyses Barajas's motion for this Court to appoint counsel in connection to his motion to vacate his sentence under 18 U.S.C. § 2255. *See* Motion to Vacate Sentence ("MVS"), ECF 64; Motion to Appoint Counsel ("MAC"), ECF 65. For the reasons below, this Court DENIES the motion to appoint counsel.

　　In his § 2255 motion, Defendant argues that he was ineffectively represented at his sentencing because, in reaching his plea agreement, his counsel failed to "object[] to the denial of . . . safety valve relief." MVS, ECF 64 at 5. In Defendant's view, the evidence supporting his sentencing enhancement under Sentencing Guideline § 2D1.1(b)(1) for the possession of a

PAGE 1 – OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL

firearm did not also support the denial of safety valve relief under § 5C1.2 because he was merely in constructive possession of a firearm, not "active possession." Memorandum, ECF 64-1 at 1. Defendant moves this Court to vacate Defendant's sentence and "remand[] for resentencing with the two-level safety valve reduction." MVS, ECF 64 at 14.

In connection to his § 2255 motion, Defendant asks this Court to appoint counsel. According to Defendant, Federal Public Defender Michelle Sweet told him over the phone that she could "not represent [him] unless assigned to [his] case." MAC, ECF 65 at 2. Moreover, Defendant says, he has "no funds to hire [his] own attorney." *Id.*

Without at this time ruling on the motion to vacate his sentence, this Court denies Defendant's motion for appointment of counsel. As a general rule, "there is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding." *Pavulak v. Blanckensee*, 14 F.4th 895, 897 (9th Cir. 2021) (quoting *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995)). Under 18 U.S.C. § 3006A(a)(2)(B), this Court may appoint counsel for a § 2255 movant whenever "the interests of justice so require." "Factors guiding the court's discretion as to whether to appoint counsel in habeas corpus proceedings include the petitioner's ability to articulate his claim, complexity of legal issues, and likelihood of success on merits." *United States v. Carpenter*, No. 3:16-cr-00432-HZ, 2019 WL 5295462, at *4 (D. Or. Oct. 18, 2019) (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam)). To be sure, "[c]ounsel must . . . be appointed to represent indigent defendants in 2255 proceedings when 'the complexities of the case are such that denial of counsel would amount to a denial of due process.'" *Id.* (quoting *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980)).

Under the applicable factors, Defendant is not entitled to counsel here. First, Defendant has clearly articulated his claim for vacatur of his sentence, citing both case law and discussing

PAGE 2 – OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL

the applicable facts of his case. *See* Memorandum, ECF 64-1 at 1. Second, the legal issues here are not particularly complex; as Defendant points out, his motion presents a single question concerning whether he possessed a firearm in connection with his offense. *See* MVS, ECF 64 at 6 (arguing that "[g]uns [were] found at a bodyshop about 30 days after [Defendant's] incarceration" and "[he] was never caught with any gun on [his] person"). In sum, Defendant's position reflects that he has the ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming the district court's refusal to appoint counsel because the pleadings indicated that the petitioner "had a good understanding of the issues and the ability to present forcefully and coherently his contentions").

## CONCLUSION

For the reasons above, this Court DENIES Defendant's motion for appointment of counsel, ECF 65. Nothing in this Opinion and Order should be construed as opining on the merits of Defendant's motion to vacate his sentence, ECF 64.

**IT IS SO ORDERED.**

DATED this 31st day of January, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge