IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **ERIC ULYSES BARAJAS**, <br><br> Defendant. | Case No. 3:20-cr-00225-IM-1 <br><br> **OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255** |

Natalie K. Wight, United States Attorney, and Sarah Barr, Assistant United States Attorney, U.S. Attorney's Office, 1000 SW Third Ave., Suite 600, Portland, OR 97204. Attorneys for the Government.

Eric Ulyses Barajas, USM #81852-065, FCI Lompoc, 3600 Guard Road, Lompoc, CA 3436. Pro se.

**IMMERGUT, District Judge.**

Before this Court is Defendant Eric Ulyses Barajas's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Mot."), ECF 64. Invoking the Sixth Amendment's right to counsel, Defendant argues that he was ineffectively represented by his counsel at sentencing because, in reaching his plea agreement, his counsel failed to "object[] to the denial

PAGE 1 – OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE

of . . . safety valve relief." Mot., ECF 64 at 5. Defendant moves this Court to vacate his sentence and "remand[] for resentencing with the two-level safety valve reduction." *Id.* at 14.

The Government opposes the Motion. Response to Defendant's Motion ("Resp."), ECF 68. It argues that Defendant is ineligible for resentencing because his Motion is untimely and, in any event, his attorney's performance was not constitutionally deficient. Addressing only timeliness, this Court DENIES Defendant's Motion, ECF 64, because it was filed over two years past the statutory deadline and Defendant has not identified an extraordinary circumstance that warrants equitable tolling.

## LEGAL STANDARDS

Section 2255 permits "[a] prisoner in custody under sentence of a court established by Act of Congress" to move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a).

To warrant relief, a defendant must demonstrate that an error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").

A prisoner seeking relief under § 2255 also must file his or her motion within a one-year statute of limitations. The limitations period begins to run on the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A judgment of conviction becomes final when the period for filing a direct appeal of that judgment lapses. *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015).

Under § 2255, the defendant is entitled to a hearing in which the court determines the issues and makes findings of fact and conclusions of law, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "The standard for granting an evidentiary hearing [under § 2255] entails assuming the truth of [the defendant's] factual allegations . . . ." *United States v. Leonti*, 326 F.3d 1111, 1121 (9th Cir. 2003). In evaluating a pro se § 2255 motion, the court must construe the motion liberally. *See United States v. Seesing*, 234 F.3d 456, 462–63 (9th Cir. 2000), *as amended* (Jan. 29, 2001).

## BACKGROUND

Defendant was arrested on March 10, 2020. Presentence Investigation Report ("PSR"), ECF 56 ¶ 21. Federal drug enforcement agents apprehended Defendant as he was preparing to sell heroin. *Id.* ¶¶ 23–25. On Defendant's person, the agents found a brown paper bag containing three plastic bags of approximately 554.1 gross grams of suspected heroin. *Id.* ¶ 25. A black backpack in Defendant's vehicle contained approximately 140.3 gross grams of suspected

heroin. *Id.* On Defendant's phone, agents found pictures of large quantities of drugs and guns. *Id.* ¶ 26.

On March 27, 2020, a search warrant was executed at a garage associated with Defendant. *Id.* ¶ 28. Defendant had visited the garage immediately before his arrest. *Id.* ¶ 36. Inside the garage, agents found paperwork with Defendant's name and a vehicle. *Id.* ¶ 28. The vehicle contained 1,008.1 gross grams of suspected heroin, a bag with 160.1 gross grams of suspected fentanyl, a pistol with twenty-nine rounds of ammunition, another pistol with six rounds of ammunition, a scale with suspected heroin residue, and other drug paraphernalia. *Id.* ¶¶ 28–29.

On July 16, 2020, Defendant was indicted on one count of Possession with Intent to Distribute Heroin in violation of 21 U.S.C. §§ 841(a)(l), (b)(l)(B)(i). ECF 22. On July 8, 2021, Defendant pleaded guilty. ECF 49. As part of his plea agreement, Defendant agreed to a two-level upward adjustment for possession of a firearm under Sentencing Guideline § 2D1.1(b)(1). Plea Agreement, ECF 46 ¶ 11. On October 25, 2021, this Court imposed a sentence of seventy-eight months of imprisonment and four years of supervised release. ECF 62. At the sentencing hearing, this Court informed Defendant of his right to appeal. *Id.*

On January 22, 2024, Defendant filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

## DISCUSSION

This Court now denies Defendant's Motion. Defendant's "allegations, viewed against the record, fail to state a claim for relief" because he filed his Motion over two years too late and Defendant identifies no extraordinary circumstance that warrants equitable tolling. *United States*

*v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996). There is thus no need for a hearing to resolve Defendant's Motion. *See Roberts v. Marshall*, 627 F.3d 768, 772–73 (9th Cir. 2010).

Section 2255 has strict deadlines. As stated above, a motion to vacate, set aside, or correct a sentence under § 2255 generally must be filed within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1); *Gilbert*, 807 F.3d at 1199. If the movant does not pursue a direct appeal of the conviction, the conviction becomes final when the time for filing a direct appeal expires. *Gilbert*, 807 F.3d at 1199.

In this case, Defendant's Motion was not filed on time, as Defendant concedes. Mot., ECF 64 at 12 (stating he was "late filing this motion"). Defendant's conviction became final on November 8, 2021, and accordingly, his deadline for a § 2255 motion was November 8, 2022. But Defendant did not file the instant Motion until January 22, 2024—more than two years after the deadline. For this reason, Defendant's Motion must be denied.

Defendant makes two arguments to the contrary, but neither succeeds.

*First*, Defendant contends that he should be excused from the one-year deadline because the "first time" he learned "about the case law supporting [his] case's safety valve relief was on . . . January 8, 2024." Mot., ECF 64 at 12. In so arguing, Defendant appears to rely on 28 U.S.C. § 2255(f)(4), which sets the § 2255 motion deadline one-year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence" if it is later than the date of final conviction.

This Court is unpersuaded that § 2255(f)(4) applies here. "In order for the limitations period to start running on [a § 2255] petition, the petitioner is not required to know the legal consequences of the facts relevant to his claim; he is only required to know the facts." *United States v. Cazarez-Santos*, 655 F. App'x 543, 545 (9th Cir. 2016) (citing *Hasan v. Galaza*, 254

PAGE 5 – OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE

F.3d 1150, 1154 & n.3 (9th Cir. 2001)). Since before his conviction became final, Defendant has known about the key facts underlying his current Motion—about the guns in the storage unit, his sentencing enhancement, his lack of safety valve relief, and his interactions with his previous counsel and the prosecution. *See, e.g.*, Plea Agreement, ECF 46 ¶ 11; Mot., ECF 64 at 6; Reply, ECF 69 at 1–3. Indeed, Defendant says that he attempted to "fight the enhancement" before his plea bargain but desisted at the advice of his counsel. Reply, ECF 69 at 2. Therefore, his deadline could not have been tolled because "[a]lthough [Defendant] may not have understood the legal significance of these facts, he was aware of the facts themselves" on November 8, 2021. *United States v. Ndiagu*, 591 F. App'x 632, 634 (9th Cir. 2015) (brackets and internal quotation marks omitted) (quoting *Hasan*, 254 F.3d at 1154 n.3).

*Second*, Defendant asserts that his counsel at the time of sentencing "never advised [him] of [his] appeal rights"; "else," Defendant says, he "would [have] filed in a timely manner." Reply, ECF 69 at 1. In substance, Defendant's argument is one for equitable tolling. *See United States v. Battles*, 362 F.3d 1195 (9th Cir. 2004) (applying equitable tolling to § 2255 claims). To have his time bar extended through equitable tolling, Defendant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020) (en banc) (citations and internal quotation marks omitted). In Defendant's view, his previous counsel's failure to inform him of his options for appellate or collateral review amounts to an extraordinary circumstance and therefore justifies equitable tolling here.

Even putting aside that this Court informed Defendant of his right to appeal at his sentencing hearing, Defendant's argument is foreclosed by *Miranda v. Castro*, 292 F.3d 1063 (9th Cir. 2002). There, the defendant Miranda had been misinformed by his appellate counsel in

his state direct review proceedings about his deadline for federal habeas review. *Id.* at 1066. Miranda argued that this was an extraordinary circumstance that merited equitable tolling. *Id.* at 1068. The Ninth Circuit disagreed, however, given that "Miranda had no right to the assistance of his appointed appellate counsel regarding post-conviction relief." *Id.* Because "Miranda had no right to [his appellate counsel's] advice" regarding habeas, the appellate counsel's alleged negligence could not merit equitable tolling. *Id.* at 1067; *see also Robinson v. Neven*, 584 F. App'x 801, 801–02 (9th Cir. 2014) ("[P]risoners have no right to counsel for habeas proceedings, and consequently have no right to advice or information about the habeas process from trial or direct review counsel" (citing *Miranda*, 292 F.3d at 1067–68)); *Perez v. Adams*, 405 F. App'x 262, 263 (9th Cir. 2010) ("[B]ecause there is no constitutional right to the effective assistance of counsel in state post-conviction proceedings, attorney negligence does not amount to an extraordinary circumstance sufficient to warrant equitable tolling." (citing *Miranda*, 292 F.3d at 1066–68)); *Reyes-Carreon v. Williams*, 399 F. App'x 226, 226 (9th Cir. 2010) (similar).

Under *Miranda*, Defendant is not entitled to equitable tolling. While Defendant had a right to counsel in his original criminal proceeding, *see Gideon v. Wainwright*, 372 U.S. 335 (1963), he does not have that right for this habeas proceeding, *see Pavulak v. Blanckensee*, 14 F.4th 895, 897 (9th Cir. 2021). Accordingly, Defendant cannot receive equitable tolling on the ground that his previous counsel failed to advise him of his habeas time bar because he had no right in the first place to that lawyer's advice regarding his habeas petition. *See Gilbert*, 807 F.3d at 1202 ("[Defendant] alleges that his trial counsel provided incorrect legal advice regarding the deadline to file a § 2255 motion and that this is an extraordinary circumstance that warrants equitable tolling. Binding case law holds otherwise." (citations omitted)).

Furthermore, although this Court recognizes that Defendant is a pro se "layman at law" who was likely unaware of the time bar, Reply, ECF 69 at 3, that fact alone cannot amount to an extraordinary circumstance, either. The extraordinary circumstance "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone." *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (citations omitted); *see Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009). In that vein, the Ninth Circuit has held that a defendant's "inability correctly to calculate the limitations period is not an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Thus, Defendant's lack of knowledge of his time-limited right to file a habeas petition does not compel equitable tolling.

In sum, Defendant's § 2255 Motion is untimely, and he is not eligible for equitable tolling. Defendant is not entitled to an evidentiary hearing, and his Motion must be denied. *See United States v. Jackson*, 21 F.4th 1205, 1214 n.5 (9th Cir. 2022).

## CONCLUSION

Because it is untimely and ineligible for equitable tolling, this Court DENIES Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, ECF 64. This Court also DECLINES to issue a Certificate of Appealability on the basis that Defendant has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 22nd day of February, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge